J-S07043-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID PHILLIP PIERGROSSI, | : | |
| | : | |
| Appellant | : | No. 2483 EDA 2019 |

Appeal from the Order Entered July 31, 2019
in the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0005014-2012

BEFORE:    NICHOLS, J., KING, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:                    Filed:May 21, 2020

David Phillip Piergrossi (Appellant) appeals *pro se* from the July 31, 2019 order denying Appellant's petition to reinstate his appeal rights.  Upon review, we affirm.

A prior panel of this Court provided the following background.

> Following a two[-]day jury trial, Appellant was convicted of [robbery, terroristic threats, theft by unlawful taking, receiving stolen property, possessing an instrument of crime, and simple assault.[1]]  On May 5, 2015, Appellant received an aggregate sentence of 11-25 years to be served in a state correctional facility.  Appellant did not file any post sentence motions.  Appellant filed a direct appeal.  The Superior Court affirmed the judgment of

---

[1] "The evidence of record demonstrates that on June 18, 2012, [Appellant] held up a supervisor in the jewelry department of a Kohl's Department Store and forced her at gunpoint to hand over gold chains from a display case." **Commonwealth v. Piergrossi**, 151 A.3d 1144 (Pa. Super. 2016) (unpublished memorandum at 1).

*Retired Senior Judge assigned to the Superior Court.

sentence by opinion dated May 11, 2016. On November 8, 2016, the Pennsylvania Supreme Court denied [Appellant's] petition for allowance of appeal.

On July 21, 2017, [] Appellant filed a *pro se* [petition entitled] "Post Conviction Relief Act (PCRA)"[2] alleging a constitutional violation such that no reliable adjudication of guilt or innocence could have taken place and that he received ineffective assistance of counsel. Robert Adshead, Esquire, was subsequently appointed to serve as PCRA counsel pursuant to an order issued by the PCRA court on July 26, 2017. In a "no-merit" letter dated October 25, 2017, and prepared in accordance with ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988), PCRA counsel advised Appellant that, in his opinion, Appellant is not eligible for the PCRA [] relief alleged in his petition. By order of November 22, 2017, the PCRA court notified [] Appellant of its intention to dismiss the petition without a hearing. On December 1[2, 2017,] Appellant responded to the dismissal notice. On January 9, 2018, the PCRA court issued an order dismissing the petition without a hearing. [] Appellant filed a notice of appeal, which was docketed February 13, 2018. The envelope accompanying the notice indicates it was mailed on February 9, 2018.

PCRA Court Opinion, 6/14/2018, at 1-3.

***Commonwealth v. Piergrossi***, 216 A.3d 362 (Pa. Super. 2019) (unpublished memorandum at 1-2) (original brackets and unnecessary capitalization omitted, paragraph breaks added).

Because Appellant's notice of appeal was post-marked February 9, 2018, the 31st day after the entry of the PCRA order appealed from, this

---

[2] 42 Pa.C.S. §§ 9541-9546.

Court concluded that "even applying the prisoner mailbox rule, Appellant's notice was filed beyond the jurisdictional time limit." *Id.* (unpublished memorandum at 3-4 & n.2). Moreover, although the PCRA court had raised the issue of quashal in its opinion, Appellant did not address it in his brief. *Id.* (unpublished memorandum at 4). Accordingly, this Court quashed Appellant's PCRA appeal as untimely filed. *Id.*

On June 25, 2019, Appellant filed a petition to reinstate his PCRA appeal rights, arguing that this Court erred in determining that his notice of appeal had been filed untimely. On July 31, 2019, the PCRA court dismissed Appellant's petition, noting that it was without jurisdiction to grant the relief requested. Order, 7/31/2019; *see also* PCRA Court Opinion, 9/27/2019, at 3 ("Failing to timely seek reconsideration in the Superior Court did not give th[e PCRA c]ourt jurisdiction to reinstate [Appellant's] appellate rights.").

This appeal followed.[3] On appeal, Appellant raises two questions for our review: (1) whether the PCRA court erred in denying Appellant's petition to reinstate his PCRA appeal rights without a hearing, and (2) whether Appellant's rights were violated by this Court's ignoring the prisoner mailbox rule in quashing his prior appeal as untimely filed. Appellant's Brief at 2.

On review of orders denying PCRA relief, our standard is to determine whether the PCRA court's ruling is free of legal error and supported by the

---

[3] Both Appellant and the PCRA court have complied with the mandates of Pa.R.A.P. 1925.

record. ***Commonwealth v. Orlando,*** 156 A.3d 1274, 1280 (Pa. Super. 2017) (citation omitted). A petition to reinstate the right to appeal an order denying a first PCRA petition is a second PCRA petition. ***See Commonwealth v. Fairiror***, 809 A.2d 396, 397 (Pa. Super. 2002) ("[Fairiror's] January 8, 2001 petition for reinstatement of PCRA appellate rights *nunc pro tunc* must be considered a second [] PCRA petition. … [A]ll requests for reinstatement of appellate rights, including PCRA appellate rights, must meet the timeliness requirements of the PCRA.").

Under the PCRA, all petitions must be filed within one year of the date that the petitioner's judgment became final, unless one of three statutory exceptions applies. 42 Pa.C.S. § 9545(b)(1); ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006). For purposes of the PCRA, a judgment becomes final at the conclusion of direct review. 42 Pa.C.S. § 9545(b)(3). "The PCRA's time restrictions are jurisdictional in nature." ***Chester***, 895 A.2d at 522. "Thus, '[i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" ***Id.*** (quoting ***Commonwealth v. Lambert***, 884 A.2d 848, 851 (Pa. 2005)).

Instantly, Appellant's direct appeal concluded on November 8, 2016, when our Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Piergrossi***, 160 A.3d 792 (Pa. 2016). Therefore, Appellant's judgment of sentence became final on February 6, 2017, when

the period for Appellant to file a petition for a writ of certiorari with the United States Supreme Court expired. *See* 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13(1) (stating "a petition for a writ of certiorari to review a judgment in any case ... is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment"). Accordingly, Appellant had until February 6, 2018, to file timely a PCRA petition. Appellant filed his petition seeking to restore his PCRA appeal rights on June 25, 2019. In light of our case law, this petition constituted a second PCRA petition, and was subject to the PCRA's timeliness requirements. Because Appellant's judgment of sentence became final in 2017, his petition is patently untimely, and he had the burden of pleading and proving an exception to the time-bar. 42 Pa.C.S. § 9545(b)(1).

Appellant's petition did not allege any of the statutory exceptions to the PCRA's one-year time bar. Therefore, the PCRA court correctly concluded that it was without jurisdiction to reach the merits of Appellant's petition to restore his PCRA appeal rights *nunc pro tunc*, and we conclude that the PCRA court did not err by dismissing Appellant's petition without a hearing. *See Commonwealth v. Hernandez*, 79 A.3d 649, 654 (Pa. Super. 2013) (concluding that the lower court correctly determined it was without jurisdiction to decide merits of untimely filed PCRA petition where Hernandez did not plead and prove any of the exceptions to the PCRA's time-bar). "Likewise, we lack jurisdiction to reach the merits of the appeal.

*See Commonwealth v. Johnson*, 803 A.2d 1291, 1294 (Pa. Super. 2002) (holding that Superior Court lacks jurisdiction to reach merits of appeal from untimely PCRA petition)." *Hernandez*, 79 A.3d at 655.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/21/20